JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

2:18-3625

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Slivak

**DEFENDANTS**
Philly Trampouline Parks, LLC, et al

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kalikhman & Rayz, LLC
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006   Phone: (215) 364-5030

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
|  |  | **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  |  | ☐ 863 DIWC/DIWW (405(g)) |  |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  |  | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
|  |  |  |  |  | ☐ 893 Environmental Matters |
|  |  |  |  |  | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |  |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability |  | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☒ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101
Brief description of cause:
Violation of the ADA

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*
JUDGE
DOCKET NUMBER

DATE   08/23/2018
SIGNATURE OF ATTORNEY OF RECORD

AUG 24 2018

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

```
Court Name: EDPA-Philadelphia
Division: 2
Receipt Number: PPE183634
Cashier ID: stomas
Transaction Date: 08/24/2018
Payer Name: KALIKHMAN AND RAYZ
-----------------------------------
CIVIL FILING FEE
 For: KALIKHMAN AND RAYZ
 Amount:       $400.00
CIVIL FILING FEE
 For: KALIKHMAN AND RAYZ
 Amount:       $400.00
CIVIL FILING FEE
 For: KALIKHMAN AND RAYZ
 Amount:       $400.00
CIVIL FILING FEE
 For: KALIKHMAN AND RAYZ
 Amount:       $400.00
CIVIL FILING FEE
 For: KALIKHMAN AND RAYZ
 Amount:       $400.00
-----------------------------------
CREDIT CARD
 Amt Tendered: $2,000.00
-----------------------------------
Total Due:     $2,000.00
Total Tendered: $2,000.00
Change Amt:    $0.00

18-CV-3624 TO 3628

Only when bank clears the check,
money order, or verifies credit of
funds is the fee or debt officially
paid or discharged.  A $53 fee will
be charged for a returned check.
```

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**18    3625**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _c/o Kalikhman & Rayz 1051 County Line Rd Huntingdon Valley, PA 19006_

Address of Defendant: _9490 Blue Grass Road Philadelphia, PA_

Place of Accident, Incident or Transaction: _Philadelphia_

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _8/24/18_   _/s/ signature_   _87976_
                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    *(Please specify):* _42 USC §1210_

B.  **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Eva Rayz_, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

AUG 24 2018

DATE: _8/24/18_   _/s/ signature_   _87976_
                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Slivak                                    :         CIVIL ACTION
                                          :
              v.                          :
                                          :         **18    3625**
Philly Trampouline Parks, LLC, et al.     :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

_8/23/2018_                    _[signature]_                    _Plaintiff_
**Date**                       **Attorney-at-law**              **Attorney for**

_(215) 364-5030_               _(215) 364-5029_                 _erayz@kalraylaw.com_

**Telephone**                  **FAX Number**                   **E-Mail Address**

(Civ. 660) 10/02

AUG 24 2018

$400

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA SLIVAK, individually and on behalf of all others similarly situated, | Case No. 18  3625 |
| Plaintiff(s) | CLASS ACTION COMPLAINT |
| v. | |
| PHILLY TRAMPOLINE PARKS, LLC d/b/a SKY ZONE; 10551 DECATUR ROAD INVESTMENTS, L.P.; DECATUR ROAD CORPORATION; | Jury Trial Demanded  FILED AUG 24 2018 KATE BARKMAN, Clerk By ___ Dep. Clerk |
| Defendant(s) | |

### CLASS ACTION COMPLAINT

Plaintiff Jessica Slivak ("Plaintiff" or "Slivak"), on behalf of herself and all others similarly situated, alleges as follows:

### INTRODUCTION

1. Plaintiff is an "individual with a disability" as that term is understood pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and its implementing regulations.

2. Plaintiff, a forty-three-year-old female individual, was born with Osteogenesis Imperfecta (i.e., brittle bone disease), which requires her to use a wheelchair on a daily basis. Indeed, for mobility, Plaintiff has used a wheelchair for her entire adult life.

3. Plaintiff leads an active life. She maintains her career as a Speech-Language Pathologist, while actively serving on various committees in her church and being a wife and mother of three children.

4. Accordingly, Plaintiff is routinely traveling for work, family, and social functions.

1

5. To facilitate this active lifestyle, Plaintiff maintains a specially modified mini-van with an automatic side-ramp, allowing Plaintiff to wheel herself into and out of her vehicle so as to permit her to travel independently.

6. Naturally, this vehicle is registered as a "handicapped" vehicle with the Commonwealth of Pennsylvania's Department of Transportation and, consequently, bears a "handicapped" license plate.

7. Because of her vehicle's side-ramp, Plaintiff requires the use of "van accessible" handicapped parking spaces in order to provide her with sufficient space for access to and from her motor vehicle.

8. As set forth below, Plaintiff was denied full access to Defendants' (defined below) Property, which includes the trampoline park known as Sky Zone, due to its non-compliance with the ADA. As set forth below, Defendants have failed to comply with the ADA's regulations regarding handicap parking. As such, Plaintiff alleges that Defendants violated the ADA and its implementing regulations.

9. Unless Defendants are required to remove the access barriers described below and required to change its policies and practices so that access barriers do not reoccur, Plaintiff and the proposed Class will continue to be denied full and equal access to Defendants' Property as described, and will be deterred from patronizing Sky Zone located at the Property.

10. The ADA permits private individuals, such as Plaintiff, to bring suit in federal court to compel compliance with the ADA.

11. Accordingly, and on behalf of a class of similarly situated individuals, Plaintiff seeks: (i) a declaration that Defendants' facilities violate federal law as described; and (ii) an injunction requiring Defendants to remove the identified access barriers, so that they are fully

accessible to, and independently usable by, physically-impaired individuals such as Plaintiff and the class she seeks to represent.

12. Plaintiff also requests that once Defendants are fully in compliance with the requirements of the ADA, the Court retain jurisdiction for a period of time to be determined to ensure that Defendants have adopted and is following an institutional policy that will, in fact, cause Defendants to remain in compliance with the law.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction over the ADA claims asserted herein pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

14. Plaintiff's claims asserted herein arose in this judicial district and Defendants maintains its headquarters and/or does substantial business in this judicial district.

15. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

16. Plaintiff is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania. Plaintiff is and, at all times relevant hereto, has been a legally handicapped individual, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

17. Defendant PHILLY TRAMPOLINE PARKS, LLC ("Philly Trampoline") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with a listed corporate address of 719 Harvest Road Chalfont, Pennsylvania 18914.

18. Defendant Philly Trampoline owns, manages, operates or otherwise controls Sky Zone Philadelphia ("Sky Zone"), an indoor trampoline park located at 9490 Blue Grass Road, Philadelphia, Pennsylvania ("Property").

19. Defendant 10551 DECATUR ROAD INVESTMENTS, LP ("Decatur") is a limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania with a listed corporate address of 1609 Pennypack Rd, Huntingdon Valley, PA 19006.

20. Upon information and belief, Decatur owns the Property.

21. Defendant DECATUR ROAD CORPORATION ("Decatur Road") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a listed corporate address of 1609 Pennypack Rd, Huntingdon Valley, PA 19006, and is a general partner of Decatur.

22. Upon information and belief, Philly Trampoline, Decatur, and Decatur Road (collectively, "Defendants") jointly share responsibility for the Property's compliance with the parking regulations of the ADA.

23. Defendants operate a "public accommodation" pursuant to the ADA.

### TITLE III OF THE ADA

24. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

25. The ADA broadly protects the rights of individuals with disabilities with respect to employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

26. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards

and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

27. On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 C.F.R. § 36.[1]

28. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. § 36) contains the ADA standards for Accessible Design ("1991 Standards"), which were based upon the Americans with Disabilities Act Accessibility Guidelines ("1991 ADAAG"), published by the Access Board on the same date.[2]

29. The ADA requires removal of existing architectural barriers in facilities existing before January 26, 1992, where such removal is readily achievable. See 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304(a).

30. Facilities newly built or altered after January 26, 1993 must be readily accessible and usable by disabled individuals, including individuals who use wheelchairs. See 28 C.F.R. § 36.401 and 28 C.F.R. § 36.402.

31. The DOJ revised the 1991 ADAAG when it issued the 2010 Standards for Accessible Design ("2010 Standards"), which were published on September 15, 2010.

32. Notably, many of the requirements with respect to parking remained the same in

---

[1] The DOJ is the administrative agency charged by Congress with implementing the requirements of the ADA.

[2] The Access Board was established by section 502 of the Rehabilitation Act of 1973. See 29 U.S.C. § 792. The passage of the ADA expanded the Access Board's responsibilities. The ADA requires the Access Board to "issue minimum guidelines . . . to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities." 42 U.S.C. § 12204. The ADA requires the DOJ to issue regulations that include enforceable accessibility standards applicable to facilities subject to Title III that are consistent with the "minimum guidelines" issued by the Access Board, 42 U.S.C. §§ 12134(c), 12186(c).

the 2010 Standards.

33. As set forth below, Defendants have failed to comply with those requirements.

## VIOLATIONS AT ISSUE

34. Defendants own, operate and/or otherwise control a place of public accommodation.

35. Defendants' Property is not fully accessible to, and independently usable by, individuals with disabilities.

36. Defendants' Property is within Plaintiff's regular area of travel. She has patronized this location in the past and intends to continue to patronize Defendants' Property.

37. However, even though Plaintiff desires and intends to visit the Property, she continues to be denied full, safe and equal access, because of Defendants' failure to remove the barriers and will be deterred from visiting Defendants' Property until those barriers to entry are removed/remediated.

38. During her visits, Plaintiff experienced difficulty and unnecessary risk due to the existence of architectural barriers that impeded her access to, and ability to visit the Sky Zone at Defendants' Property.

39. Importantly, due to the architectural barriers at the Property, Plaintiff is unable to take her children to the Sky Zone without the assistance of others.

40. On or about April 4, 2018, Plaintiff last visited Defendants' Property to take her children to the Sky Zone.

41. Plaintiff has not returned to the Property since, because of the difficulties and unnecessary risks she faces from the architectural barriers that have impeded her ability to independently bring her children to the Sky Zone.

6

42. For instance, Section 208.2.4 of the 2010 Standards requires "at least one" parking space for every six "handicap accessible" parking spaces a facility maintains to be designated as "van accessible."

43. The ADA further requires "van accessible" spaces to be either 96 inches wide, with an adjacent 96-inch "access aisle," or 132 inches wide, with an adjacent 60-inch "access aisle."

44. Despite these mandates, no parking spaces at Defendants' Property are designated "van accessible," as required by the ADA.

45. As a result of Defendants' failure to provide "van accessible" spaces, with the requisite adjacent "access aisles," as required by the ADA, Plaintiff cannot safely lower her van's ramp, which is her only means of entry and exit from her vehicle.

46. In further violation of the ADA, the purportedly "handicap accessible" parking spaces lack signage that conforms to Section 502.6 of the 2010 Standards that requires each "handicap accessible" parking space to be identified by a sign, the bottom of which shall be at least 60 inches above the ground, that includes the International Symbol of Accessibility.

47. Most dangerous to Plaintiff, however, is a curb lip at the end of a purported "access aisle" leading to the entrance of the Sky Zone that Plaintiff cannot traverse independently with her wheelchair.

48. Section 303.4 of the 2010 Standards states ramps and curb ramps are required along accessible routes to span changes in level greater than .5 inches.

49. Section 405.7 of the 2010 Standards requires level landings at the bottom and top of curb ramps.

50. More specifically, section 4.7.2 of Appendix A to 28 C.F.R. § 36 mandates that

7

transitions from the ramp to the walkway, gutter, and street must be flush and free of abrupt level changes.

51. As seen in the photograph below, at least one of the "access aisles" at the Property leads to a curb in excess of .5 inches in height within the curb ramp cutout and, therefore, is not compliant with ADA:



8

52. Plaintiff is unable to traverse this curb ramp cutout independently, without risk of serious injury due to her wheelchair falling over.

53. Defendants have been put on notice of this dangerous barrier as Plaintiff specifically complained and pointed out the danger of this barrier to management of Philly Trampoline.

54. Plaintiff will continue to attempt to use Defendants' facilities. However, so long as Defendants continues to violate the ADA, Plaintiff will be unable to use them independently and will be, thereby, denied full access to Defendants' facilities.

55. Upon information and belief, Defendants have centralized policies regarding the management and operation of the Property, and those policies are inadequate to ensure compliance with the ADA, as is demonstrated by the fact that Defendants' Property remains non-compliant even after Plaintiff complained.

56. Indeed, had adequate policies or procedures been in place, Defendants would have presumably caught and corrected the ADA violations complained of herein.

57. Plaintiff requests periodic monitoring to confirm that the public accommodations are brought into compliance and remain in compliance.

58. Without injunctive relief, Plaintiff will continue to be unable to safely and independently use Defendants' facilities.

## CLASS ACTION ALLEGATIONS

59. Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of herself and all individuals with disabilities who have attempted to access, or will attempt to access Defendants' facilities, but experienced difficulty or hazards in ambulating through Defendant's parking facilities ("Class").

60. Upon information and belief, the Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court.

61. <u>Typicality:</u> Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

62. <u>Common Questions of Fact and Law:</u> There is a well-defined community of interest and common questions of fact and law affecting members of the Class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' facilities and/or services due to Defendants' failure to make its facilities fully accessible and independently usable as above described.

63. The questions of fact and law common to the class include but are not limited to the following:

   a. Whether Defendants are a "public accommodation" under the ADA;

   b. Whether Defendants' conduct in failing to make its facilities fully accessible and independently usable as described above violated the ADA;

   c. Whether Defendants' system or procedures for ensuring ADA compliance is adequate and appropriate;

   d. Whether remediation of Defendants' facilities is appropriate and financially feasible; and

   e. Whether Plaintiff and members of the class are entitled to declaratory and injunctive relief.

10

64. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

65. Class certification is appropriate pursuant to Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## COUNT I
## VIOLATION OF THE ADA

66. The allegations contained in the previous paragraphs are incorporated by reference.

67. Defendants' facilities were required to be altered, designed, or constructed so that they are readily accessible and usable by disabled individuals, including individuals who use wheelchairs. <u>See</u> 42 U.S.C. § 12183(a)(1).

68. The architectural barriers described above demonstrate that Defendants' facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs, including Plaintiff and the class she seeks to represent.

69. The architectural barriers described above demonstrate that Defendants have failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

70. Defendants' facilities are required to comply with the DOJ's 2010 Standards or, in some cases, the 1991 Standards.

71. Defendants are required to provide individuals who use wheelchairs full and equal

11

enjoyment of its facilities. See 42 U.S.C. § 12182(a).

72. Defendants have discriminated against Plaintiff and the Class in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of the ADA, as described above.

73. Defendants' conduct is ongoing, and, given that Defendants have not complied with the ADA's requirements that public accommodations be fully accessible to, and independently usable by, individuals with disabilities, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

74. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendants certify that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendants' non-compliance with the ADA's requirements that its facilities be accessible to, and independently usable, by individuals with disabilities is likely to recur.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, pray for:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above;

b. A permanent injunction which directs Defendants to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendants certify that all of its facilities are fully in compliance with the relevant requirements of the ADA to ensure that Defendants have adopted and is following an institutional policy that

will in fact cause Defendants to remain in compliance with the law;

c. An Order certifying the Class proposed by Plaintiff, and naming Plaintiff as the class representative and appointing her counsel as class counsel;

d. Payment of costs of suit;

e. Payment of reasonable attorneys' fees; and

f. The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Date: August 23, 2018

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwglaw.com
Email: rgray@cwglaw.com

Counsel for Plaintiff and the Proposed Class